# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH OROSCO,

        Plaintiff,

  -vs-                                                       Case No. 08-C-833

JOANNE SWYERS,

        Defendant.

## ORDER

The plaintiff, a Wisconsin state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He is proceeding *in forma pauperis* on Fifth Amendment and substantive due process claims based on allegations that the defendant interrogated him about a criminal matter without advising him of his rights when he was seventeen years old. Before the court is the plaintiff's motion to compel discovery. He moves the court to compel the defendant to fully respond to interrogatories 2, 3, 4, 5, 7, 8, 9 and document requests 1 and 4, from his first set of discovery requests. The plaintiff also moves the court to compel the defendant to fully respond to interrogatories 1, 2, 4, 5, 6 and document requests 1, 2, 3, and 4 from his second set of discovery requests.

The scope of discovery is as follows:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence.

Fed R. Civ. P. 26(b)(1). The court must limit discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stage in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). The relevant discovery requests are set forth below.

**A. First Set of Discovery Requests**

> **INTERROGATORY NO. 2:** Have you ever been accused of violating a citizen's constitutional rights?
>
> **RESPONSE:** Objection. Interrogatory No. 2 is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Notably, the Federal Rules of Evidence prohibit the use of "other crimes, wrongs, or acts ... to prove the character of a person in order to show action in conformity therewith." *See* Fed. R. Evid. 404(b); *see also Treece v. Hochstetler*, 213 F.3d 360, 363-64 (7th Cir. 2000) (explaining that in order for evidence of a prior bad act to be admissible under Rule 404(b), one requirement is that "the other act is similar enough and close enough in time to be relevant to the matter in issue"). Without waiving this objection, and in an effort to be responsive, there have been no accusations for incidents or events similar to that alleged by plaintiff.
>
> **INTERROGATORY NO. 3:** If so, what were the citizen's names?
>
> **RESPONSE:** [same as response to No. 3, *supra.*]
>
> **INTERROGATORY NO. 4:** Have you ever been sued for something you did while working as a law enforcement officer?
>
> **RESPONSE:** Objection. Interrogatory No. 4 is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Notably, the Federal Rules of Evidence prohibit the use of "other crimes,

2

wrongs, or acts ... to prove the character of a person in order to show action in conformity therewith." *See* Fed. R. Evid. 404(b); *see also Treece v. Hochstetler*, 313 F.3d 360, 363-64 (7th Cir. 2000) (explaining that in order for evidence of a prior bad act to be admissible under Rule 404(b), one requirement is that "the other act is similar enough and close enough in time to be relevant to the matter in issue").

**INTERROGATORY NO. 5:** If so, what was the outcome?

**RESPONSE:** Objection. Interrogatory No. 5 is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. Notably, the Federal Rules of Evidence prohibit the use of "other crimes, wrongs, or acts ... to prove the character of a person in order to show action in conformity therewith." *See* Fed. R. Evid. 404(b); *see also Treece v. Hochstetler*, 213 F.3d 360, 363-64 (7th Cir. 2000) (explaining that in order for evidence of a prior bad act to be admissible under Rule 404(b), one requirement is that "the other act is similar enough and close enough in time to be relevant to the matter in issue"). As further response, there have been no findings of liability for incidents or events similar to that alleged by the plaintiff.

**INTERROGATORY NO. 7:** How many times have you interviewed an inmate in a correctional institution?

**RESPONSE:** Objection. Interrogatory No. 7 is vague. As further response, in working as a prison investigator for five years, Joanne Swyers interviewed inmates in correctional institutions on approximately a weekly basis.

**INTERROGATORY NO. 8:** How many times have you interviewed an inmate at Waupun Correctional Institution?

**RESPONSE:** Objection. Interrogatory No. 8 is vague. As further response, working as a prison investigator for five years, approximately 25% of the inmates in correctional institutions interviewed by Joanne Swyers were interviewed at Waupun Correction Institution.

**INTERROGATORY NO. 9:** What were the names of the inmates that you interviewed at WCI?

**RESPONSE:** Objection. Interrogatory No. 9 is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 1:** All documents relating to any disciplinary actions taken or contemplated, including, but not limited to, citizen

3

complaints, reprimands, suspensions, investigations, and performance reviews whether for promotional purposes or otherwise for the defendants.

**RESPONSE:** Objection. Request No. 1 is vague, overly broad, and is not reasonably calculated to lead to the discovery of admissible evidence, including because it is not limited to substantially similar claims as presented in this case. In addition, personnel files have protections of privacy per Wis. Stat. § 103.13, *Pangman v. Zellmer*, 163 Wis. 2d 1070, 473 N.W.2d 538 (Ct. App. 1991), and *Village of Butler v. Cohen*, 163 Wis. 2d 819, 472 N.W.2d 579 (Ct. App. 1991), that are not overcome by the circumstances of this case. Please also see responses to Interrogatories 2-5.

**DOCUMENT REQUEST NO. 4:** All documents related to any complaints that an employee of the Dodge County Sheriff's Office violated a person's rights during an interview.

**RESPONSE:** [same as response to No. 4, *supra.*]

**B. Second Set of Discovery Requests**

**INTERROGATORY NO. 1:** How many times has a court ruled that you obtained a statement in violation of Miranda?

**RESPONSE:** Objection. Interrogatory Number 1 is vague, overly broad, unduly burdensome, in part because it seeks information not in Joanne Swyers' possession. As further response, Joanne Swyers may not be advised of challenges raised in criminal proceedings to statements which she obtained or the outcomes of any such challenges.

**INTERROGATORY NO. 2:** What date did you start and stop working as a prison investigator?

**RESPONSE:** Objection. Interrogatory Number 2 is vague. As further response, Joanne Swyers worked as a prison investigator from 1995 to 1999.

**INTERROGATORY NO. 4:** How many times have you been sued for something you did in your capacity as a law enforcement officer?

**RESPONSE:** Objection. Interrogatory No. 4 is unduly burdensome as it is redundant. *See* Response to Interrogatory No. 4 made part of Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents.

**INTERROGATORY NO. 5:** How many times have you failed to read

4

a suspect his Miranda rights?

**RESPONSE:** Objection. Interrogatory Number 5 is so vague as not to permit a complete response. As further response, and in an attempt to be responsive but without waiving the objection and while denying any liability express or implied by the form of the interrogatory, on occasions when the circumstances presented and training indicated Miranda warnings were required, Joanne Swyers has read such warning.

**INTERROGATORY NO. 6:** Was the plaintiff restrained upon entering the conference room?

**RESPONSE:** Objection. Interrogatory Number 6 is vague. As further response, Mr. Orosco was not restrained during the interview which took place in the conference room.

**DOCUMENT REQUEST NO. 1:** The name of every defendant that has challenged the admissibility of a statement given to you based on a Miranda violation.

**RESPONSE:** Objection. Request No. 1 is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. As further response, no responsive record has been located.

**DOCUMENT REQUEST NO. 2:** A copy of every statement given to you where you failed to advise the person for their Miranda rights.

**RESPONSE:** Objection. Request Number 2 is vague, overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence; further, objection is made to the form of the interrogatory and any liability express or implied is denied.

**DOCUMENT REQUEST NO. 3:** The name of every person who has alleged that a member of the Dodge County Sheriff's Department violated their Miranda rights.

**RESPONSE:** Objection. Request Number 3 is vague, overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 4:** A copy of every statement that you took from someone who was incarcerated.

**RESPONSE:** Objection. Request No. 4 is vague, overly broad,

5

unduly burdensome and not likely to lead to the discovery of admissible evidence.

**C. Discussion**

With respect to the plaintiff's first set of discovery requests, the defendant's responses to Interrogatories 2, 3, 4, 5, and 9 are reasonable because the interrogatories are overly broad in that they are not limited to similar acts. *See Treece v. Hickstetler*, 213 F.3d 360, 363-64 (7th Cir. 2000). The defendant answered Interrogatories 7 and 8. Document Requests 1 and 4 are also overly broad. They are not limited to similar claims and therefore the defendant's responses are sufficient.

Turning to the plaintiff's second set of discovery requests, as an initial matter, there is no indication that the plaintiff made any attempt to communicate with counsel for the defendant prior to filing his motion to compel. A motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); Civil L.R. 37 (E.D. Wis.).

The plaintiff contends that his second set of discovery requests are virtually identical to the first set except more specific, that they are in response to the defendant's objections to his first set of discovery requests, and that any further attempt for information would have been an exercise in futility considering the defendant's evasive and incomplete responses. However, the plaintiff's motion to compel is still asking for responses from both his first and second sets of discovery requests and therefore it appears that the second set is not merely an attempt to correct the questions from his first set, but that both sets do stand on their own. Thus, the plaintiff's failure to confer, or attempt to confer, with the defendant results in the denial of his motion to compel. In any event, upon review of the defendant's responses to the plaintiff's second set of discovery requests, the court

finds that the such responses are reasonable. Specifically, the defendant answered Interrogatories 1, 2, 5, and 6, and Request 1. Interrogatory 4, and Requests 2, 3, and 4 are overly broad.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to compel (Docket #31) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff shall file a response to the defendant's motion for summary judgment on or before **May 12, 2010**.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2010.

**SO ORDERED,**

*s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**